# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.** _____ |
| **v.** | : | **DATE FILED:** <u>October 7, 2010</u> |
| **MACANGELO TILLMAN** | : | **VIOLATIONS:** |
| **HENRY BROOKS** | | **18 U.S.C. § 1343 (wire fraud - 10 counts)** |
| **MAURICE HARRIS** | : | **18 U.S.C. § 371 (conspiracy - 2 counts)** |
| **TYRONE FITZGERALD** | | **18 U.S.C. § 1344 (bank fraud - 2 counts)** |
| **JENNIFER MCDANIELS** | : | **18 U.S.C. § 1028A(a)(1) (aggravated** |
| **MARQUITA SHANTE JAMES** | | **identity - 8 counts)** |
| **EDWARD JENKINS** | : | **18 U.S.C. § 2 (aiding and abetting)** |

## <u>INDICTMENT</u>

## <u>COUNTS ONE THROUGH TEN</u>

### (Wire Fraud - American Express)

**THE GRAND JURY CHARGES THAT:**

At all times relevant to this indictment:

1.      Defendant MACANGELO TILLMAN had three merchant accounts with American Express.

2.      American Express was a global financial company that, among other things, issued charge cards and provided charge card services.

3.      American Express merchant accounts were established for retailers and businesses that accepted American Express charge cards from customers as payments for goods and services sold.

4.      Payments by American Express to settle its merchant accounts were made by wire transfers originating in Tampa, Florida, to the merchant's designated bank account.

**THE SCHEME**

8.     From on or about November 23, 2007 through on or about March 3, 2008, in Philadelphia, in the Eastern District of Pennsylvania, and elsewhere, defendant

**MACANGELO TILLMAN**

knowingly devised and intended to devise a scheme to defraud American Express, and to obtain money and property by means of false and fraudulent pretenses and representations.

**MANNER AND MEANS**

It was part of the scheme that:

9.     Defendant MACANGELO TILLMAN fraudulently charged American Express card holders for goods and services that were never received.

10.     To make these fraudulent charges, defendant MACANGELO TILLMAN obtained, without authorization, card holder account information.  He also established three merchant accounts with American Express in the names of "Nelson's Concreat," "Joseph Tailoring" and "Jays Hardwood Floors."

11.     Posing as these merchants, defendant MACANGELO TILLMAN ran, without authorization, the unlawfully obtained card holder account information through a credit card machine in his residence, and thereby submitted fraudulent charges to American Express for settlement.

12.     Defendant MACANGELO TILLMAN designated that the settlement payments by American Express be deposited into three bank accounts:   (i) a Philadelphia Federal Credit Union (PFCU) account number (ending in no. 8056), in the name of Maurice Gans, charged elsewhere; (ii) a Commerce Bank account number (ending in no. 7226), in the

name of A.W., a person known to the grand jury and the son of defendant MACANGELO

TILLMAN; and (iii) a Commerce Bank account number (ending in no. 5498), in the name of

Maurice Gans, charged elsewhere.

13.    By these false and fraudulent pretenses and representations, defendant

MACANGELO TILLMAN stole approximately $24,708.61 from American Express.

**THE WIRES**

14.    On or about the following dates, in the Eastern District of Pennsylvania,

and elsewhere, defendant

**MACANGELO TILLMAN,**

for the purpose of executing the scheme described above, and aiding and abetting its execution,

caused to be transmitted, by means of wire transfers in interstate commerce, that is, from Florida

to Pennsylvania, the signals and sounds described below, that is, wire transfers of funds from a

financial institution to accounts in the Eastern District of Pennsylvania, each transmission

constituting a separate count:

| COUNT | DATE | AMOUNT OF TRANSFER | DEPOSITED INTO ACCOUNT |
|-------|------|--------------------|------------------------|
| 1 | 12/17/07 | $1308.95 | PFCU (ending in no. 8056) |
| 2 | 12/24/07 | $984.30 | PFCU (ending in no. 8056) |
| 3 | 12/24/07 | $1828.82 | PFCU (ending in no. 8056) |
| 4 | 1/9/08 | $1100.04 | PFCU (ending in no. 8056) |
| 5 | 2/6/08 | $359.33 | Commerce (ending in no. 7226) |
| 6 | 2/7/08 | $680.87 | Commerce (ending in no. 7226) |
| 7 | 2/15/08 | $1752.09 | Commerce (ending in no. 5498) |

| 8 | 2/27/08 | $3300.86 | Commerce (ending in no. 5498) |
|---|---|---|---|
| 9 | 3/3/08 | $1444.98 | Commerce (ending in no. 5498) |
| 10 | 3/3/08 | $3774.41 | Commerce (ending in no. 5498) |

All in violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT ELEVEN

### (Conspiracy to Commit Bank Fraud - Commerce Bank)

**THE GRAND JURY FURTHER CHARGES THAT:**

At all times material to this indictment:

1.    From in or about October 2007 to in or about April 2008, Sammie Bates, charged elsewhere, was employed by Commerce Bank as a teller at the bank's South Broad branch, located at 2201 South Broad Street, Philadelphia, Pennsylvania.

2.    Commerce Bank, NA, now known as TD Bank, was a financial institution, the deposits of which were insured by the Federal Deposit Insurance Corporation, Certificate No. 18409.

3.    From in or about October 2007 to in or about April 2008, in the Eastern District of Pennsylvania, defendant

### MACANGELO TILLMAN

conspired and agreed, with Sammie Bates, charged elsewhere, to commit offenses against the United States, that is, to knowingly execute, and attempt to execute, and aid and abet the execution of, bank fraud, in violation of Title 18, United States Code, Section 1344, and to knowingly and without lawful authority use a means of identification of another person during and in relation to bank fraud, in violation of Title 18, United States Code, Section 1028A(a)(1).

### MANNER AND MEANS

4.    It was part of the conspiracy that defendant MACANGELO TILLMAN used bank account information of account holders of Commerce Bank to enrich himself and defraud the bank by posing as these account holders of the bank at the teller windows and

5

withdrawing funds from the account holders' account.

It was further part of the conspiracy that:

5.      Defendant MACANGELO TILLMAN obtained, without authorization, account holder information from Sammie Bates.  Thereafter, defendant MACANGELO TILLMAN presented a withdrawal slip containing the account holder's name, forged signature and account number to Sammie Bates at the teller window, and withdrew money from this account.

6.      Defendant MACANGELO TILLMAN and Sammie Bates fraudulently obtained approximately $20,000, from the fraudulent transfer of funds from an account holder's account.

## OVERT ACTS

In furtherance of the conspiracy, defendant MACANGELO TILLMAN and Sammie Bates, charged elsewhere, committed the following overt acts in the Eastern District of Pennsylvania and elsewhere:

1.      In or about late 2007 through in or about April 2008, defendant MACANGELO TILLMAN used threatening tactics to enlist Sammie Bates' participation in the unlawful scheme.  Defendant MACANGELO TILLMAN requested that defendant Sammie Bates provide him with customer account information.

2.      On or about April 18, 2008, Sammie Bates used his position as a Commerce Bank teller improperly to acquire and to provide to defendant MACANGELO TILLMAN the account information for Commerce Bank accounts belonging to R.C. and M.C., who are brothers that own a joint business in Philadelphia, Pennsylvania, and are known to the

grand jury.

3.     Later that same day, defendant MACANGELO TILLMAN requested that Bates transfer $9500 from the account of R.C., without R.C.'s authorization, to the account of A.W., the son of defendant MACANGELO TILLMAN and a person known to the grand jury. The transaction could not be completed.

4.     The next day, on or about April 19, 2008, defendant TILLMAN submitted a withdrawal ticket in the amount of $20,000 and in the name of M.C. to Bates at the teller window.  Bates transferred $20,000 from the account of R.C., without R.C.'s knowledge and authorization, to the account of A.W.

5.     On or about April 20, 2008 and on or about April 22, 2008, defendant MACANGELO TILLMAN and A.W. withdrew, and attempted to withdraw, funds from A.W.'s account in the amounts of $4800, $8500 and $3500.

In violation of Title 18, United States Code, Section 371.

## COUNT TWELVE

### (Bank Fraud - Commerce Bank)

**THE GRAND JURY FURTHER CHARGES THAT:**

1.      Paragraphs 1 and 2 and 4 through 6, and Overt Acts 1 through 5 of Count Eleven, are incorporated here.

2.      From in or about October 2007 to in or about April 2008, in the Eastern District of Pennsylvania, defendant

### MACANGELO TILLMAN

knowingly executed and attempted to execute, and aided and abetted the execution of, a scheme to defraud Commerce Bank, NA and to obtain monies owned by and under the care, custody, and control of that bank by means of false and fraudulent pretenses, representations, and promises.

### THE SCHEME

It was part of the scheme that:

3.      Defendant MACANGELO TILLMAN used improperly obtained account information of Commerce Bank account holders R.C.  and M.C. to fraudulently withdraw money from the account of R.C.

4.      In furtherance of the scheme, defendant MACANGELO TILLMAN fraudulently attempted to withdraw $9500 from the account of R.C. on or about April 18, 2008 and fraudulently transferred $20,000 from the account of R.C. on or about April 19, 2008.

All in violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT THIRTEEN

**(Aggravated Identity Theft)**

**THE GRAND JURY FURTHER CHARGES THAT**:

On or about April 18, 2008, in the Eastern District of Pennsylvania and elsewhere, defendant

**MACANGELO TILLMAN**

knowingly and without lawful authority, possessed and used, and aided and abetted the transfer, possession, and use of, a means of identification of another, that is, the names and account information of R.C. and M.C., during and in relation to bank fraud.

In violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

### COUNT FOURTEEN

**(Aggravated Identity Theft)**

**THE GRAND JURY FURTHER CHARGES THAT**:

On or about April 19, 2008, in the Eastern District of Pennsylvania and elsewhere, defendant

### MACANGELO TILLMAN

knowingly and without lawful authority, possessed and used, and aided and abetted the transfer, possession, and use of, a means of identification of another, that is, the names and account information of R.C. and M.C., during and in relation to bank fraud.

In violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

## COUNT FIFTEEN

### (Conspiracy to Commit Bank Fraud - Wachovia Bank)

**THE GRAND JURY FURTHER CHARGES THAT:**

At all times material to this information:

1.      From on or about September 29, 2008 to on or about March 17, 2009, Sammie Bates, charged elsewhere, was employed by Wachovia Bank as a teller at the bank's Bala Cynwyd branch, located at 75 E. City Line Avenue, Bala Cynwyd, Pennsylvania.

2.      Wachovia Bank was a financial institution, the deposits of which were insured by the Federal Deposit Insurance Corporation, Certificate No. 33869.

3.      From in or about January 2009 to on or about March 6, 2009, in the Eastern District of Pennsylvania and elsewhere, defendants

**MACANGELO TILLMAN,**
**HENRY BROOKS,**
**MAURICE HARRIS,**
**TYRONE FITZGERALD,**
**JENNIFER MCDANIELS,**
**MARQUITA SHANTE JAMES and**
**EDWARD JENKINS**

conspired and agreed, with others known and unknown to the grand jury, to commit offenses against the United States, that is, to knowingly execute, and attempt to execute, and aid and abet the execution of, bank fraud, in violation of Title 18, United States Code, Section 1344, and to knowingly and without lawful authority use a means of identification of another person during and in relation to bank fraud, in violation of Title 18, United States Code, Section 1028A(a)(1).

### MANNER AND MEANS

4.      It was part of the conspiracy that defendants MACANGELO TILLMAN,

11

HENRY BROOKS, MAURICE HARRIS, TYRONE FITZGERALD, JENNIFER

MCDANIELS, MARQUITA SHANTE JAMES and EDWARD JENKINS used the names and

bank account numbers of account holders of Wachovia Bank to enrich themselves and defraud

the bank by presenting false checks drawn on the account holders' accounts and by transferring

funds from the account holders' accounts.

It was further part of the conspiracy that:

5.     Defendant MACANGELO TILLMAN and Jason Thomas, charged

elsewhere, obtained, without authorization, from Sammie Bates, a teller at Wachovia Bank,

account information for the Wachovia Bank accounts belonging to A.H., P.M., M.S., D.T., P.D.

and E.W., persons known to the grand jury.  Defendant MACANGELO TILLMAN provided this

account information to other co-conspirators, known and unknown to the grand jury, and directed

co-conspirators to withdraw or transfer money from these accounts.

6.     Defendant EDWARD JENKINS, using the unlawfully obtained account

information of A.H., deposited checks drawn on A.H.'s account.  In the course of this fraud,

defendant EDWARD JENKINS presented a counter check containing A.H.'s forged signature at

a Wachovia Bank branch.

7.     Defendant HENRY BROOKS, using the unlawfully obtained account

information of E.W., deposited a false check containing E.W.'s forged signature at a Wachovia

Bank branch and withdrew money from E.W.'s account without authorization.

8.     Defendant MAURICE HARRIS, using the unlawfully obtained account

information of E.W., provided false checks containing E.W.'s forged signature to defendant

JENNIFER MCDANIELS and to defendant MARQUITA SHANTE JAMES, who deposited

these checks at a Wahcovia Bank branch, and withdrew money from E.W.'s account without authorization.

9.     Defendant TYRONE FITZGERALD, using the unlawfully obtained account information of E.W., deposited a false checking containing E.W.'s forged signature at Wachovia Bank branch and withdrew money from E.W.'s account without authorization.

10.     Defendant MACANGELO TILLMAN, in the course of this scheme, fraudulently obtained, attempted to obtain, and aided and abetted the obtaining of, in excess of $300,000 from fraudulent withdrawals or transfers of cash.

## OVERT ACTS

In furtherance of the conspiracy, defendants MACANGELO TILLMAN, HENRY BROOKS, MAURICE HARRIS, TYRONE FITZGERALD, JENNIFER MCDANIELS, MARQUITA SHANTE JAMES and EDWARD JENKINS and others, known and unknown to the grand jury, committed the following overt acts in the Eastern District of Pennsylvania and elsewhere:

1.     In or about January 2009, defendant MACANGELO TILLMAN, using threatening tactics, requested that Sammie Bates, charged elsewhere, provide him with customer account information.

2.     Sammie Bates obtained, without authorization, account information for: (i) A.H. and P.M. on or about January 30, 2009; (ii) for M.S. on or about February 24, 25 and 28, 2009; (iii) for D.T. on or about February 24 and 26, 2009; (iv) for P.D. on or about February 19, 2009 and March 2, 2009; and (v) for E.W. on or about February 26, 2009.  Thereafter, Bates provided the account information to defendant MACANGELO TILLMAN.

13

3.    On or about the following dates, defendants HENRY BROOKS,

MAURICE HARRIS, TYRONE FITZGERALD, JENNIFER MCDANIELS, MARQUITA

SHANTE JAMES and EDWARD JENKINS, fraudulently withdrew or transferred funds, and

attempted to make fraudulent withdrawals and transfers of cash, and assisted in the fraudulent

withdrawal or transfer of funds, in the amounts listed below from the Wachovia accounts of A.H.

and E.W., persons known to the grand jury:

| DATE | DEFENDANT | LOCATION | ACCOUNT HOLDER | AMOUNT OF WITHDRAWAL |
|------|-----------|----------|----------------|----------------------|
| 2/9/09 | JENKINS | Philadelphia, PA | A.H. | $8,900     attempt |
| 2/10/09 | JENKINS | Philadelphia, PA | A.H. | $4,000 |
| 3/5/09 | MCDANIELS | Philadelphia, PA | E.W. | $5,600 |
| 3/5/09 | FITZGERALD | Philadelphia, PA | E.W. | $8,520 |
| 3/6/09 | JAMES | Upper Darby, PA | E.W. | $5,200 |
| 3/6/09 | BROOKS | Bala Cynwyd, PA | E.W. | $5,500 |

4.    On or about the following dates, co-conspirators, known and unknown to

the grand jury, fraudulently withdrew or transferred funds, and attempted to fraudulently

withdraw or transfer funds, from the Wachovia accounts of A.H. and E.W., persons known to the

grand jury, in the amounts listed below:

| DATE | CO-CONSPIRATOR | LOCATION | ACCOUNT HOLDER | AMOUNT OF WITHDRAWAL |
|------|----------------|----------|----------------|----------------------|
| 2/9/09 | Avernil Diggs, charged elsewhere | Philadelphia, PA | A.H. | $15,000   attempt |
| 2/17/09 | unknown | Philadelphia, PA | P.M. | $9,125     attempt |
| 2/18/09 | unknown | Philadelphia, PA | P.M. | $9,000     attempt |

14

| 2/26/09 | E.F., a person known to the grand jury | Bala Cynwyd, PA | M.S. | $86,450 | attempt |
|---------|------------------|-----------------|------|---------|---------|
| 2/27/09 | unknown | Ardmore, PA | D.T. | $4,250 | attempt |
| 3/3/09 | unknown | Philadelphia, PA | P.D. | $200,000 | attempt |
| 3/4/09 | unknown | Philadelphia, PA | P.D. | $90,000 | attempt |
| 3/3/09 | unknown | Bala Cynwyd, PA | E.W. | $5,000 | |
| 3/6/09 | unknown | Philadelphia, PA | E.W. | $5,600 | attempt |
| 3/6/09 | unknown | Philadelphia, PA | E.W. | $9,450 | attempt |

In violation of Title 18, United States Code, Section 371.

## COUNT SIXTEEN

### (Bank Fraud - Wachovia Bank)

**THE GRAND JURY FURTHER CHARGES THAT:**

1.     Paragraphs 1 and 2 and 4 through 10, and Overt Acts 1 through 4 of Count Fifteen are incorporated here.

2.     From in or about January 2009 to on or about March 6, 2009, in the Eastern District of Pennsylvania, defendants

**MACANGELO TILLMAN,**
**HENRY BROOKS,**
**MAURICE HARRIS,**
**TYRONE FITZGERALD,**
**JENNIFER MCDANIELS,**
**MARQUITA SHANTE JAMES and**
**EDWARD JENKINS**

knowingly executed, and attempted to execute, and aided and abetted the execution of a scheme to defraud Wachovia Bank, and to obtain monies owned by and under the care, custody, and control of that bank by means of false and fraudulent pretenses, representations, and promises.

### THE SCHEME

It was part of the scheme that:

1.     Defendant MACANGELO TILLMAN and Jason Thomas, charged elsewhere, obtained, without authorization, from Sammie Bates, a teller at Wachovia Bank, account information for the Wachovia Bank accounts belonging to A.H., P.M., M.S., D.T., P.D. and E.W., persons known to the grand jury.  Defendant MACANGELO TILLMAN provided this account information to other co-conspirators, known and unknown to the grand jury, and arranged for the co-conspirators to withdraw or transfer money from these accounts.

16

2.    Defendants HENRY BROOKS, MAURICE HARRIS, TYRONE FITZGERALD, JENNIFER MCDANIELS, MARQUITA SHANTE JAMES and EDWARD JENKINS used unlawfully obtained account information of Wachovia account holders A.H. and E.W., persons known to the grand jury, made fraudulent withdrawals and transfers of cash, and attempted to make fraudulent withdrawals and transfers of cash, and assisted in the fraudulent withdrawals and transfers of cash from, the following Wachovia Bank accounts:

| DATE | DEFENDANT | LOCATION | ACCOUNT HOLDER | AMOUNT OF WITHDRAWAL |
|------|-----------|----------|----------------|----------------------|
| 2/9/09 | JENKINS | Philadelphia, PA | A.H. | $8,900    attempt |
| 2/10/09 | JENKINS | Philadelphia, PA | A.H. | $4,000 |
| 3/5/09 | MCDANIELS | Philadelphia, PA | E.W. | $5,600 |
| 3/5/09 | FITZGERALD | Philadelphia, PA | E.W. | $8,520 |
| 3/6/09 | JAMES | Upper Darby, PA | E.W. | $5,200 |
| 3/6/09 | BROOKS | Bala Cynwyd, PA | E.W. | $5,500 |

4.    On or about the following dates, co-conspirators, known and unknown to the grand jury, fraudulently withdrew or transferred funds, and attempted to fraudulently withdraw or transfer funds, from the Wachovia accounts of A.H. and E.W., persons known to the grand jury, in the amounts listed below:

| DATE | CO-CONSPIRATOR | LOCATION | ACCOUNT HOLDER | AMOUNT OF WITHDRAWAL |
|------|----------------|----------|----------------|----------------------|
| 2/9/09 | Avernil Diggs, charged elsewhere | Philadelphia, PA | A.H. | $15,000   attempt |
| 2/17/09 | unknown | Philadelphia, PA | P.M. | $9,125     attempt |
| 2/18/09 | unknown | Philadelphia, PA | P.M. | $9,000     attempt |

| 2/26/09 | E.F., a person known to the grand jury | Bala Cynwyd, PA | M.S. | $86,450   attempt |
| 2/27/09 | unknown | Ardmore, PA | D.T. | $4,250      attempt |
| 3/3/09 | unknown | Philadelphia, PA | P.D. | $200,000 attempt |
| 3/4/09 | unknown | Philadelphia, PA | P.D. | $90,000   attempt |
| 3/3/09 | unknown | Bala Cynwyd, PA | E.W. | $5,000 |
| 3/6/09 | unknown | Philadelphia, PA | E.W. | $5,600  attempt |
| 3/6/09 | unknown | Philadelphia, PA | E.W. | $9,450  attempt |

In violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT SEVENTEEN

### (Aggravated Identity Theft)

**THE GRAND JURY FURTHER CHARGES THAT**:

On or about February 9, 2009 and February 10, 2009, in the Eastern District of Pennsylvania and elsewhere, defendant

### MACANGELO TILLMAN

knowingly and without lawful authority possessed and used a means of identification of another, and assisted and abetted, that is, the name and account information of A.H., during and in relation to bank fraud.

In violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

## COUNT EIGHTEEN

### (Aggravated Identity Theft)

**THE GRAND JURY FURTHER CHARGES THAT**:

On or about February 17, 2009 and February 18, 2009, in the Eastern District of Pennsylvania and elsewhere, defendant

### MACANGELO TILLMAN

knowingly and without lawful authority possessed and used a means of identification of another, and assisted and abetted, that is, the name and account information of P.M., during and in relation to bank fraud.

In violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

## COUNT NINETEEN

### (Aggravated Identity Theft)

**THE GRAND JURY FURTHER CHARGES THAT**:

On or about February 26, 2009, in the Eastern District of Pennsylvania and elsewhere, defendant

### MACANGELO TILLMAN

knowingly and without lawful authority possessed and used a means of identification of another, and assisted and abetted, that is, the name and account information of M.S., during and in relation to bank fraud.

In violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

## COUNT TWENTY

**(Aggravated Identity Theft)**

**THE GRAND JURY FURTHER CHARGES THAT**:

On or about February 27, 2009, in the Eastern District of Pennsylvania and elsewhere, defendant

**MACANGELO TILLMAN**

knowingly and without lawful authority possessed and used a means of identification of another, and assisted and abetted, that is, the name and account information of D.T., during and in relation to bank fraud.

In violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

## COUNT TWENTY-ONE

### (Aggravated Identity Theft)

**THE GRAND JURY FURTHER CHARGES THAT**:

On or about March 3, 2009 and March 4, 2009, in the Eastern District of Pennsylvania and elsewhere, defendant

### MACANGELO TILLMAN

knowingly and without lawful authority possessed and used a means of identification of another, and assisted and abetted, that is, the name and account information of P.D., during and in relation to bank fraud.

In violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

## COUNT TWENTY-TWO

### (Aggravated Identity Theft)

**THE GRAND JURY FURTHER CHARGES THAT**:

On or about March 3, 2009, March 5, 2009 and March 6, 2009, in the Eastern District of Pennsylvania and elsewhere, defendant

### MACANGELO TILLMAN

knowingly and without lawful authority possessed and used a means of identification of another, and assisted and abetted, that is, the name and account information of E.W., during and in relation to bank fraud.

In violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

## NOTICE OF FORFEITURE

**THE GRAND JURY FURTHER CHARGES THAT:**

1.     As a result of the violations of Title 18, United States Code, Section 1344, set forth in this indictment, defendants

**MACANGELO TILLMAN,
HENRY BROOKS,
MAURICE HARRIS,
TYRONE FITZGERALD,
JENNIFER MCDANIELS,
MARQUITA SHANTE JAMES and
EDWARD JENKINS**

shall forfeit to the United States of America any property, real or personal, that constitutes or is derived from proceeds traceable to the commission of such offenses, as charged in this indictment, including, but not limited to, the sum of approximately $ 71,828.

2.     If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

(a)     cannot be located upon the exercise of due diligence;

(b)     has been transferred or sold to, or deposited with, a third party;

(c)     has been placed beyond the jurisdiction of the Court;

(d)     has been substantially diminished in value; or

(e)     has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b),

incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other

property of the defendant up to the value of the property subject to forfeiture.

All pursuant to Title 18, United States Code, Section 982(a)(2).

**A TRUE BILL:**

_____
**GRAND JURY FOREPERSON**

_____
**ZANE DAVID MEMEGER**
**United States Attorney**